UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LESLIE ZANK and WAYNE ZANK, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 2:20-cv-005 |
| v. | ) ) | |
| WALMART STORES EAST, LP, COLCON INDUSTRIES CORP., CESO, INC., and RABINE PAVING, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment [DE 65] filed by the defendant, Colcon Industries Corporation (Colcon), on January 18, 2022. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiffs, Leslie and Wayne Zank, initiated this matter in Indiana state court on December 3, 2019, against the defendant, Walmart Stores East, LP (Walmart). The complaint alleged that Walmart was negligent because it failed to maintain its parking lot, causing Leslie Zank to fall and sustain injuries on September 30, 2019, while visiting a Walmart store in Valparaiso, Indiana. On January 6, 2020, this case was removed to federal court.

On September 16, 2020, the plaintiffs requested leave to amend their complaint. In their motion, they indicated that Walmart "ha[d] filed an answer naming three entities, which [we]re currently non-parties to th[e] proceeding, as perhaps having [had] responsibility for the incident." [DE 24]. The court granted the plaintiffs' motion, and on September 30, 2020, the plaintiffs filed

their Amended Complaint [DE 26] which added three new defendants, including Colcon, the defendant now moving for summary judgment.

In the Amended Complaint, as it pertains to Colcon, the plaintiffs allege that based on the assertions of Walmart, Leslie Zank's injuries were caused, in part, by the negligence of Colcon. Specifically, the plaintiffs claim that Colcon was involved in creating or maintaining the defective condition in Walmart's parking lot. Additionally, count II of the complaint alleges that the defendants' negligence has caused Leslie Zank's husband, Wayne Zank's, loss of services and consortium.

Colcon has now moved for summary judgment on both counts on the basis that it owed no duty to the plaintiffs. The plaintiffs' deadline to respond to the instant motion was February 15, 2022.  As of the date of this decision, no response has been filed.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23 (1986); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009).  A fact is material if it is outcome determinative under applicable law.  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160 (1970); **Stephens**, 569 F.3d at 786.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in the pleadings but must "point to evidence that can be put in admissible form at

2

trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also* *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")).  The non-moving party cannot rely on conclusory allegations. *Smith v. Shawnee Library System*, 60 F.3d 317, 320 (7th Cir. 1995).  Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764-65 (7th Cir. 2014).  The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

As an initial matter, the Seventh Circuit has made it clear that a "failure to file a timely response to [a motion for summary judgment] is not a basis for automatically granting [it] as some kind of sanction." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021).  Therefore, "the movant still has to show that summary judgment [i]s proper given the undisputed facts, with those facts taken as usual in the light most favorable to the nonmovant." *Robinson*, 1 F.4th at

3

483 (*citing* **Yancick v. Hanna Steel Corp.**, 653 F.3d 532, 543 (7th Cir. 2011)) (internal quotations omitted).  Despite the plaintiffs' lack of response to this motion, the summary judgment standard remains the same.

In order to prevail on a negligence claim in Indiana, the plaintiffs must show that (1) a duty was owed to them by Colcon; (2) that duty was breached because Colcon's conduct fell below the applicable standard of care; and (3) the breach proximately caused the plaintiffs' injuries. **Arthur v. MacAllister Machinery Co., Inc.**, 83 N.E.3d 783, 787 (Ind. Ct. App. 2017). Presently before the court is the issue of duty.  If the plaintiffs cannot meet their burden of proving that Colcon owed them a duty of care, then "there can be no negligence or liability based upon the breach." **Arthur**, 83 N.E.3d at 787.  As a result, if "it is determined that no duty exists, summary judgment is appropriate." **Arthur**, 83 N.E.3d at 787 (*citing* **Reed v. Beachy Const. Corp.**, 781 N.E.2d 1145, 1148-49 (Ind. Ct. App. 2002)).

On September 3, 2017, Colcon, a contractor, entered into a Master Services Agreement (MSA) with Walmart that provided, in pertinent part, as follows:

> General Terms; Scopes of Work for Services. This Agreement sets forth the general terms of the business relationship between Walmart and Contractor. From time to time, Walmart may, in its sole discretion, request that the Contractor perform one or more services ("Services") pursuant to one or more scopes of work in a form similar to Exhibit A ("Scopes of Work"), or a work order issued in Service Channel ("Work Order").
>
> (a)     Scopes of Work; Work Orders. Contractor shall only perform the Services specified in a fully-executed Scope of Work or Work Order.  All services Contractor performs under a Scope of Work or Work Order shall be covered by and subject to terms of this Agreement. However, this Agreement does not require that Walmart issue any Scopes of Work or Work orders to, or purchase any Services from, Contractor.  Any Services Contractor Performs that are not specified in a Scope of Work or Work Order will be deemed unauthorized and Walmart reserves the right to withhold payment for any such services subject to the terms of this Agreement and applicable law.

4

[DE 67-1 at pg. 1].

The plaintiffs have alleged that due to Colcon's negligence in failing to maintain the parking lot[1] at Walmart, Leslie Zank was injured. However, Colcon argues that, pursuant to the MSA, it had no duty to maintain the parking lot unless Walmart specifically requested it through a Scope of Work or Work Order. Colcon maintains that it did not perform any work to Walmart's parking lot before Leslie Zank's fall nor did Walmart request that it perform any work on the parking lot.[2] Walmart admitted that the MSA "d[id] not impose a duty on Colcon to inspect the [] parking lot" and that it was "unaware of any records which show[ed that] Colcon performed work where [Leslie Zank] fell before her accident" on September 30, 2018. [DE 67-2].

Based on the evidence detailed above, it is undisputed that Colcon had no duty under the MSA, or otherwise, to inspect the Walmart parking lot. Therefore, the only way it would know whether there were hazardous conditions that required repair was if Walmart made it aware of such conditions. Even if Colcon was made aware, it would still have no duty to repair such conditions until Walmart requested that it complete the repair by way of a Scope of Work or Work Order. There is no dispute that prior to Leslie Zank's fall, Walmart had never requested that Colcon perform any work on the parking lot at any time during their contractual relationship. As a result, the plaintiffs cannot establish that Colcon owed them a duty of care, and therefore, summary judgment in favor of Colcon is proper. *See **Buckingham Management LLC v. Tri-***

---

[1] Walmart admitted that it was the operator and possessor of the parking lot where Leslie Zank fell. [DE 67-6].
[2] The affidavit of Jeffrey Mitchell, the president of Colcon, states that since the creation of the MSA between Colcon and Walmart, Colcon did not perform any work on the parking lot, and Walmart had not requested any until October 1, 2018, when it requested that Colcon repair a trip hazard in the vicinity where Leslie Zank claims to have fallen on September 30, 2018. [DE 67-5].

*Esco, Inc.*, 137 N.E.3d 285 (Ind. Ct. App. 2019) (holding that summary judgment in favor of the contractor was proper where the agreement provided that the contractor was only required to remove snow and salt the premises if two or more inches of snow accumulated, and that limit had not been reached).

Based on the foregoing reasons, the Motion for Summary Judgment [DE 65] is **GRANTED**. Colcon is **DISMISSED** from this case.

ENTERED this 24th day of February, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge